■ In the Matter of ANN LIPES, Appellant, v STATE OF NEW YORK, DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Division of Housing and Community Renewal, dated May 5, 1989, which dismissed the petition for administrative review of a finding of general rent overcharge as untimely, the appeal is from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated January 23, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner former landlord sought administrative review of an order of the District Rent Administrator of the New York State Division of Housing and Community Renewal (hereinafter the DHCR), issued on October 14, 1986, directing her to make refunds of excessive rent previously collected. The petitioner sought to have the current owner file a petition for administrative review (hereinafter PAR) and, when he failed to do so, she hand-delivered her PAR to the DHCR on November 19, 1986, which was 36 days after the issuance of

the order sought to be reviewed. By order issued May 5, 1989, the DHCR dismissed the PAR upon a finding that it was not filed within the 35-day period mandated by the DHCR regulations. The petitioner subsequently commenced this proceeding to review the May 5, 1989 order, and, by judgment dated January 23, 1990, the Supreme Court dismissed the petition, concluding that the DHCR's interpretation of its own regulations was neither arbitrary nor capricious. We agree.

The controlling regulation, 9 NYCRR 2529.2, provides that a PAR regarding an order of a rent administrator must be filed in person or by mail with the DHCR within 35 days after the date such order is issued. The DHCR's interpretation of the regulations it administers, if not unreasonable or irrational, is entitled to deference (see, Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal, 76 NY2d 325; Matter of Salvati v Ermicke, 72 NY2d 784, 791). The DHCR's determination that the 35-day period begins upon the date of the issuance of the order is clear and not irrational and the petitioner's untimely PAR was properly rejected. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.