■ TAK SHING DAVID TONG Individually and as a Shareholder of LEE & T FASHION, INC., on Behalf of Himself and Others Similarly Situated, et al., Appellants, v HANG SENG BANK, LTD., Respondent. [620 NYS2d 42] —Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered June 29, 1993, which granted defendant's motion and dismissed the complaint, unanimously modified, on the law, defendant's motion to dismiss is denied as to the claims for conversion, negligence and breach of contract, these causes of action reinstated, and otherwise affirmed, with costs and disbursements payable by defendant.

Individual plaintiff Tong and his partner Carie Lee organized the plaintiff corporation Lee & T Fashion, Inc. (Lee & T). Tong loaned the corporation about $20,000 which was deposited in defendant Hang Seng Bank. The corporation provided the bank with a copy of its corporate banking resolution which authorized access to the corporate account only upon presentation of the signatures of both the President, Carie Lee, and the Vice-President, Tong. Thereafter, Carie Lee gave the bank an amended resolution bearing the corporate seal in which she was the sole corporate employee whose signature was needed for access to the account. The account was closed about two months later and Tong alleges that Carie Lee liquidated it for her personal use.

A previous action brought by Tong as an individual was dismissed because plaintiff Tong lacked standing. Thereafter, plaintiff commenced this second action, a derivative suit on behalf of the corporation and its shareholders. Plaintiff instituted the action without making a formal demand on Lee and

T's board of directors, alleging that such demand would be futile.

The complaint in this action alleges basically the same theories, conversion, fraud, negligence and breach of contract, pleaded in the first action. The IAS Court granted defendant's motion to dismiss based on the main argument that the instant case is barred by the doctrines of res judicata and collateral estoppel.

The original complaint was properly dismissed because of the lack of standing of the plaintiff who sued there in his own individual capacity. That dismissal did not preclude the present derivative suit and reassertion of the same claims. It was not a judgment on the merits conclusive of the issues of fact and questions of law raised in the complaint and therefore, the res judicata doctrine (or claim preclusion) does not apply *(Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). Likewise, since the issues of fact or law raised herein were not necessarily raised and decided in the prior action, collateral estoppel (or issue preclusion) does not apply *(supra).*

The denial of plaintiff's motion for summary judgment in the prior action did not have res judicata effect *(see, Sackman-Gilliland Corp. v Senator Holding Corp.,* 43 AD2d 948, 949, *lv denied* 34 NY2d 515).

Since Lee & T is a New York corporation, Business Corporation Law § 626 (c) requires that the plaintiff set forth in the complaint, "with particularity", either his efforts to secure the initiation of an action by the corporation or the reasons for not making such an effort. The specificity of the pleading must set forth sufficient details "from which it may be inferred that the making of a demand would indeed be futile" *(Curreri v Verni,* 156 AD2d 420, 421). Plaintiff asserts in his complaint that the officers and directors of Lee & T are himself and Carie Lee; that Carie Lee allegedly raided the corporate bank account by unilaterally altering the corporate banking resolution; and that a demand on Carie Lee, as a director in control of the corporation, would be futile. These allegations are sufficient to give the reasons plaintiff did not make an effort to have the corporation initiate the action.

However, the plaintiff's fraud cause of action must be dismissed. While the court may, by reasonable inference from the facts alleged, ascertain whether a cause of action for fraud exists *(People v O'Brien,* 209 NY 366), the plaintiff's allegations must be more than conclusory. Plaintiff's bare allegations in his complaint and supporting affidavits do not furnish

facts pled with specific particularity sufficient to withstand defendant's dismissal motion. Accordingly, we modify to affirm as to the dismissal of the fraud cause of action, but reverse and reinstate as to the conversion, negligence and breach of contract causes of action. Concur—Ross, J. P., Asch, Rubin, Nardelli and Tom, JJ.