■ In the Matter of 77 AVENUE D ASSOCIATES, INC., et al., Appellants, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [670 NYS2d 106] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered March 13, 1997, which dismissed petitioners' article 78 petition seeking to annul the order of the Deputy Commissioner of the Division of Housing and Community Renewal (DHCR) dated November 2, 1996, which affirmed an order of the District Rent Administrator of DHCR dated April 7, 1995, which found petitioners liable for rent overcharges totalling $30,803.05 plus interest, unanimously affirmed, without costs.

Even if, contrary to the finding of the IAS Court, we were to accept petitioners' claim that they had exhausted their administrative remedies, we would still be constrained to affirm the dismissal of this proceeding inasmuch as it was not timely commenced. The applicable limitations period for a proceeding such as this is 60 days from the date the challenged DHCR determination becomes final and binding (*see,* CPLR 217; Rent Stabilization Law [Administrative Code of City of NY] § 26-516 [d]). Petitioners, however, did not commence the proceeding until nearly five months after the denial of their second request for reconsideration of the Rent Administrator's April 7, 1995 order.

As DHCR now suggests, petitioners should have filed a petition for administrative review challenging the Rent Administrator's order upon learning of the rent overcharge determination against them regardless of the fact that such petition would have been untimely, since, as DHCR concedes, the Commissioner has discretion to assess the reasons for a delay in filing and in light thereof, when appropriate, to deem the filing timely. Had this course been followed and had the Commissioner rejected the petition for administrative review as untimely—a decision with which we would disagree under the circumstances herein in which DHCR inexcusably failed to update their records in the rent overcharge proceeding to reflect petitioners' change of address, and in which DHCR incorrectly advised petitioners in response to their request to reopen the administrative proceeding that it was legally precluded from doing so—petitioners could then have properly commenced a CPLR article 78 proceeding challenging the rationality of the Commissioner's decision.

We have considered petitioners' other contentions and find them to be without merit. Concur—Milonas, J. P., Nardelli, Wallach and Andrias, JJ.