(February 14, 2002)

■ In the Matter of KATHLEEN O'REILLY, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and AHMED NAJI, Appellant. [737 NYS2d 361] —Order, Supreme Court, New York County (Paula Omansky, J.), entered June 16, 2000, which granted the petition to vacate the determination of respondent Division of Housing and Community Renewal (DHCR) issued November 2, 1999 finding that petitioner's residence is not subject to the Rent Stabilization Law, to the extent that it remanded the proceeding to DHCR for further review, unanimously reversed, on the law, without costs, the DHCR determination confirmed and the petition dismissed.

Petitioner moved into apartment 3 at 246 East 23rd Street in June 1975, having previously resided there between 1956 and 1966. She renewed her lease several times thereafter and

the renewal leases indicated that she was subject to the Rent Stabilization Law.

In 1989, respondent landlord purchased the building. The following year the landlord refused to renew petitioner's lease. Petitioner then filed a lease violation complaint and the landlord commenced a proceeding at the New York City Conciliation and Appeals Board, predecessor to DHCR, to determine whether the building, containing fewer than six units, was subject to the Rent Stabilization Law.

Based on a DHCR inspection, an administrative law judge (ALJ) determined that the building was not part of a horizontal multiple dwelling and that petitioner's apartment was not subject to regulation. Petitioner then filed a Petition for Administrative Review (PAR) which was granted on a finding that the landlord had not rebutted petitioner's evidence that the building was part of a complex owned and operated as a horizontal multiple dwelling on the relevant date, May 6, 1969. These above described findings were based on papers, not a full hearing.

A subsequent CPLR article 78 proceeding by the landlord resulted in a stipulated remand back to DHCR. The same Deputy Commissioner then determined that a full hearing was necessary on the question of whether the building was part of a horizontal multiple dwelling at the relevant time, and remanded the matter to an ALJ for that purpose. At the hearing, petitioner testified that six adjacent buildings, including the one in which her apartment is situated, were managed by the same company and shared the same boiler. A licensed architect testified for the landlord that the building at 246 East 23rd Street is not part of a horizontal multiple dwelling since it is a free standing building, separated from the building on the east by an alley, completely independent of the building on the west with separate sewer, gas, electric and water lines and with separate gas and water meters, and that it does not tie in to any other building structurally or mechanically, and does not share a foundation, entrance or staircase with any other building. The backyard to 246 East 23rd Street is fully enclosed with no openings to adjacent properties. There is no inside passageway from which a person could go from one building into another; there is no indication that there ever had been any connection between the buildings.

The administrative law judge ruled on September 27, 1996, that the building could not be considered part of a horizontal multiple dwelling in 1969 and thus was not subject to the Rent Stabilization Law. That determination was affirmed on

November 2, 1999 when the Deputy Commissioner of DHCR denied petitioner-tenant's PAR based on the administrative law judge's findings and determination.

In the instant article 78 proceeding, commenced on December 27, 1999, by petitioner, the IAS court granted the petition on the grounds that DHCR's determination was arbitrary and capricious since it considered evidence of present building condition and configuration. This determination was made on an incomplete record since there was no information on the rent regulatory status of the other buildings; and it failed to clarify whether the owners of the buildings were separate entities.

In determining the existence of a regulated horizontal multiple dwelling, the crucial factor is whether there are sufficient indicia of common facilities, common ownership, management and operation to warrant treating the housing as an integrated unit and multiple dwelling subject to regulation (*Matter of Salvati v Eimicke*, 72 NY2d 784, 792, *rearg denied* 73 NY2d 995). The landlord's expert testified, based on his review of all documents on file at the Buildings Department back to 1903, that, other than a shared heating system, there was no structural or mechanical commonality among the buildings. Shared heating is insufficient to establish a horizontal multiple dwelling (*Salvati v Eimicke, supra*; *see also, Delorenzo v Krizman*, 125 AD2d 1015). Common ownership is not determinative to establish that separate buildings constitute a horizontal multiple dwelling (*Matter of Bambeck v State Div. of Hous. & Community Renewal*, 129 AD2d 51, *lv denied* 70 NY2d 615).

The question here is whether the determination of the administrative law judge was supported by substantial evidence. "In article 78 proceedings, 'the doctrine is well settled, that neither the Appellate Division nor the Court of Appeals has power to upset the determination of an administrative tribunal on a question of fact; * * * "the courts have no right to review the facts generally as to weight of evidence, beyond seeing to it that there is 'substantial evidence'." ' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 230.)

We find that the determination of the administrative law judge was supported by substantial evidence. The affirmance of the ALJ by the Deputy Commissioner of DHCR in denying petitioner's PAR, therefore, was correct. We have considered petitioner's other arguments and find them to be without merit. Concur—Tom, J.P., Mazzarelli, Wallach, Buckley and Friedman, JJ.