■ In the Matter of JEMROCK REALTY COMPANY, LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and TRUDI BALDWIN, Intervenor-Respondent. [776 NYS2d 561]—

Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered October 29, 2002, which denied petitioner's application, brought pursuant to CPLR article 78, seeking (1) to annul respondent's order and opinion of August 31, 2001 which (a) dismissed petitioner's petition for administrative review as untimely, (b) revoked respondent's order and opinion of October 13, 2000, and (c) reinstated the Rent Administrator's June 2, 1995 order and determination and (2) to reinstate respondent's order and opinion of October 13, 2000, which (a) granted petitioner's petition for administrative review, and (b) modified the Rent Administrator's June 2, 1995 order and determination, unanimously reversed, on the law, without costs, the petition granted, respondent's order and opinion of August 31, 2001 annulled, and respondent's order and opinion of October 13, 2000 reinstated, without prejudice to intervenor-respondent's challenge to respondent's order and opinion of October 13, 2000 on the merits.

Intervenor-respondent Trudi Baldwin (tenant) is the rent-stabilized tenant of an apartment in petitioner's building pursuant to a two-year lease which commenced July 1, 1990. In September 1992, tenant filed a fair market rent appeal with respondent New York State Division of Housing and Community Renewal, claiming that the $2,500 initial monthly rent petitioner charged exceeded the apartment's fair market rent.

On June 2, 1995, respondent's Rent Administrator issued an order and determination establishing the legal regulated rent at $1,469.77 per month, assessed a total rent overcharge of $66,736.05 through June 30, 1995, and directed petitioner to refund the overcharge to tenant.

Respondent mailed a copy of the June 2, 1995 order and determination to petitioner. However, it is undisputed that the mailing was returned to respondent by the post office because petitioner's address did not show through the envelope's window. Petitioner thereafter wrote respondent on several occasions advising that tenant claimed to have received the Rent Administrator's order and determination and requesting that respondent mail petitioner a copy. Tenant wrote to petitioner on several occasions between July 1995 and August 1999 in which she referred to the Rent Administrator's order and determination. On one of these occasions, in June 1997, tenant requested a renewal lease from petitioner in accordance with the rent adjustment as set forth in the Rent Administrator's June 2, 1995 order and determination and indicated that she was enclosing a copy.

In November 1999, tenant filed a complaint with respondent that petitioner failed to offer the renewal lease as requested. Respondent directed petitioner to offer tenant a renewal lease which reflected the rent adjustment. Petitioner then filed a petition for administrative review (PAR), dated November 18, 1999, claiming that it had never received a copy of the Rent Administrator's order and determination from respondent. Finally, by letter dated December 16, 1999, respondent remailed the June 1995 order and determination; and, because the original mailing had been returned to the post office, specifically "afforded [petitioner] 35 days from the date of this letter to file a Petition for Administrative Review."

Consequently, petitioner filed a PAR 29 days later on January 14, 2000. By order and opinion dated October 13, 2000, respondent, by its Deputy Commissioner, granted petitioner's PAR. Respondent rejected tenant's claim that the PAR was untimely. Specifically, respondent found that its "failure to respond to the owner's requests for proper service of a copy of said order and [its] failure to afford the owner an opportunity to file a timely petition for administrative review of said order constituted a denial of due process to the owner." Moreover, respondent concluded that tenant's letters advising the owner of the Rent Administrator's order and determination "cannot substitute for proper service of the order on the owner by [respondent]." Upon remailing a copy of the order and determination on December 16, 1999, respondent "properly afforded the owner 35 days from such service to file a petition for administrative review in accordance with Section 2529.2 of the Rent Stabilization Code, which the owner did." On the merits, respondent established the fair market rent for the apartment at $2,213.86 per month and

reduced the total excess rent petitioner owed tenant to $21,274.93.

Tenant thereafter commenced an article 78 proceeding to, inter alia, annul the October 13, 2000 order and opinion on the ground that petitioner's PAR of the June 2, 1995 determination was untimely. Respondent, over petitioner's objection, cross-moved to remand the proceeding to respondent for further consideration on the timeliness issue. By order entered March 30, 2001, the IAS court granted the cross motion and remanded the proceeding to respondent for reconsideration.

Respondent issued a notice of proceeding to reconsider order and reopened the file. However, there is no indication that respondent requested or received any new evidence, information or proof before rendering its determination upon reconsideration. By order and opinion dated August 31, 2001, respondent, by the same Deputy Commissioner, reversed its earlier position and dismissed petitioner's PAR of the June 2, 1995 order and determination as untimely. Specifically, without citing any rules, regulations, statutes, or case law, respondent stated that the 35-day period to file a PAR began to run after petitioner knew or should have known about the June 2, 1995 order and determination. Specifically, respondent found that, inter alia, "tenant's repeated letters to the owner starting in July 1995 referencing the Rent Administrator's order, and especially the service of a copy of the order by the tenant on the owner on at least one occasion as indicated in the tenant's June 11, 1997 letter, was sufficient to meet the owner's due process rights and to require the filing of a petition for administrative review." Since petitioner failed to file a PAR until 4½ years after it first became aware of the Rent Administrator's order and determination, respondent dismissed the petition as untimely and reinstated the June 2, 1995 order and determination.

Thereafter, in October 2001, petitioner commenced this article 78 proceeding to annul respondent's August 31, 2001 order and opinion. Petitioner argued that the 35-day period to file a PAR did not begin to run until respondent mailed the aggrieved party a copy of the order and opinion with a reasonable expectation that it would be received. Respondent claimed that petitioner's time in which to file a PAR began to run when it first became aware of the order. Although the IAS court found that respondent had "correctly recognized that due process concerns arose in the unusual circumstances presented here where [respondent] had objective proof that [petitioner] had not received the copy of the 1995 order mailed to it by [respondent]", it nevertheless held that respondent's reversal of its prior determina-

tion that the PAR was timely filed was proper. In so concluding, the court held that respondent's letter granting petitioner permission to file a late PAR and its earlier order that the PAR had been timely filed were not dispositive.

We reverse.

The Rent Stabilization Code provides that a petition for administrative review must be filed within 35 days after the date the order was issued (9 NYCRR 2529.2). This time limitation, based on issuance, has been found to be "clear and not irrational" (*Matter of Lipes v State of N.Y., Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 174 AD2d 571, 572 [1991]). However, respondent "has discretion to assess the reasons for a delay in filing [a PAR] and in light thereof, when appropriate, to deem the filing timely" (*Matter of 77 Ave. D Assoc. v State of N.Y. Div. of Hous. & Community Renewal*, 249 AD2d 113, 114 [1998]).[1] Since respondent's initial determination that the PAR was timely filed was discretionary, we reject respondent's contention on appeal that it properly reconsidered petitioner's PAR based on legal error.[2] Notably, respondent did not cite any legal support for its conclusion that notice triggers the 35-day limitation period.

Moreover, respondent having acknowledged that the original determination had been returned to it by the post office and having affirmatively given petitioner 35 days from the date the

---

1. Respondent's interpretation of the rent-stabilization regulations as affording itself no discretion to excuse a party's failure to timely file a PAR (Finkelstein and Ferrara, Landlord and Tenant Practice in New York § 17:64 [vol G West's NY Prac Series 2003 Supp]) is at odds with the contrary position, that it does have such discretion, taken in *Matter of 77 Ave. D*. This is not the first time respondent has been inconsistent in interpreting its own rules and regulations, and we decline to hold respondent's inconsistency in interpreting its own regulations against petitioner, especially where respondent admitted it did not properly issue the Rent Administrator's order, where respondent delayed reissuing the order, and where respondent specifically gave petitioner additional time to file a PAR.

2. Respondent argues that its notice of proceeding to reconsider order, rendered after tenant commenced an article 78 proceeding to challenge respondent's October 13, 2000 order, which in part found petitioner's PAR to be timely filed, was properly issued because it was based on an error of law. However, petitioner claims that respondent moved in the article 78 proceeding for a remand to make further inquiry as to the *facts*. We note that the record does not contain any of the papers submitted in tenant's article 78 proceeding, which challenged the timeliness of petitioner's PAR. Moreover, respondent did not rely on any legal authority to support its newly asserted position that the time for filing a PAR began to run from the date petitioner knew or should have known about it. In fact, this position appears to be contrary to respondent's regulation which states that the time for filing a PAR begins to run from the date the order was "issued."

order and determination was remailed, cannot now be heard to complain that the PAR was untimely. Indeed, petitioner rebutted the presumption of receipt (*see e.g. Matter of Nelson Mgt. Group v New York State Div. of Hous. & Community Renewal*, 259 AD2d 411 [1999], *lv denied* 93 NY2d 814 [1999]) and was thereafter properly returned to the position it would have been in had the June 1995 order and determination been properly mailed. Thus, we find that respondent had no basis to reconsider its initial finding that petitioner's PAR was timely as it was not the "result of illegality, irregularity in vital matters or fraud" (9 NYCRR 2529.9).

Moreover, we find that petitioner's 4½-year delay in filing its PAR is wholly attributable to respondent. Significantly, nowhere in the record does respondent offer any explanation for its failure to immediately remail the June 1995 Rent Administrator's order and determination to petitioner after it was returned by the post office or its inexplicable and utter failure to remail the order and determination after petitioner's repeated written requests that it do so. Respondent finally remailed the initial determination 4½ years later. It did this only after petitioner filed a PAR in response to tenant's complaint. Tenant charged that petitioner would not issue a renewal lease reflecting the Rent Administrator's adjustment on the ground that it had never received from respondent-agency a copy of the initial order and determination. Such prolonged delay and inaction is at best inexcusable and, under no circumstances, would any rational system of justice allow it to be used to penalize petitioner. While we surely recognize that there are times when delays are understandable and excusable in any system run by human beings, we note with great disappointment that almost 12 years have elapsed since tenant's initial rent challenge, and the matter is not yet resolved. To now allow respondent to add insult to injury by using this delay, for which it is wholly and indefensibly responsible, against petitioner is a result no fair system of justice can abide.

We reach this conclusion without prejudice to tenant's right to challenge the October 13, 2000 order and opinion on the merits. Concur—Tom, J.P., Mazzarelli, Saxe and Marlow, JJ.