■ In the Matter of 721 NINTH AVENUE, LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, et al., Respondents. [778 NYS2d 35]—

Order and judgment (one paper), Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about March 13, 2003, which denied petitioner owner's application to annul respondent New York State Division of Housing and Community Renewal's (DHCR) determination that the subject premises constitute a horizontal multiple dwelling subject to rent stabilization and dismissed the petition, unanimously reversed, on the law, without costs, and the petition granted.

Petitioner owns a building with four housing units located at 721-23 Ninth Avenue and an adjoining building with three housing units located at 401-03 West 49th Street. In 1996, respondents Don Bearden and Jerry Wyatt, tenants of an apartment in a building owned by petitioner at 721 Ninth Avenue, submitted an application to respondent DHCR requesting a determination that their apartment was subject to rent stabilization on the ground that petitioner's two adjoining buildings comprised a horizontal multiple dwelling (HMD). DHCR inspected the building and issued a proposed order in tenants' favor. Petitioner submitted documentation demonstrating the separate nature of the two buildings. Also relying on a prior DHCR determination (*Matter of Marzan*), petitioner claimed DHCR had determined that an apartment in petitioner's 49th Street building was not under DHCR's jurisdiction because it contained fewer than six housing units. Although the tenant in *Marzan* had submitted a petition for administrative review, she never pursued it, and DHCR ultimately "terminated" the administrative proceeding.

Here, the agency held a hearing after which the Administrative Law Judge (ALJ) found sufficient indicia of commonality, which outweighed the numerous findings of separate features. Thus, the ALJ concluded that petitioners' two buildings formed an HMD containing more than six housing units and that the two buildings and tenants' apartment were both subject to the Rent Stabilization Code. The Rent Administrator adopted these findings.

Petitioner filed a timely petition for administrative review (PAR) claiming that the separate features of the two buildings clearly predominated over common features and that DHCR in

*Marzan* had already determined that the premises were not subject to DHCR'S jurisdiction. DHCR affirmed the Rent Administrator's order and denied the PAR.

Petitioner then commenced this CPLR article 78 proceeding asserting that in light of *Marzan,* DHCR was collaterally estopped from ruling that the premises constituted an HMD. Petitioner further claimed that DHCR's determination was not supported by substantial evidence and was arbitrary and capricious. The IAS court denied the petition and dismissed the proceeding. Initially, the court found that DHCR was not collaterally estopped from determining that the premises constituted an HMD. The court then found that DHCR's determination was supported by substantial evidence and was not arbitrary and capricious in light of all of the common facilities shared by the buildings.

We reverse. While we agree that DHCR's determination is not collaterally barred by the prior determination in *Marzan,* we find that DHCR's determination is inconsistent with its own precedent and with judicial precedent. Therefore, we hold the agency determination to be arbitrary and capricious.

Petitioner's claim that DHCR is estopped from claiming that its premises are subject to the Rent Stabilization Law is without merit, where the tenants in this proceeding were not parties to the prior proceeding, and it does not otherwise appear that they had a full and fair opportunity to contest the determination made therein (*see Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455-456 [1985]). Moreover, the prior determination is of no precedential value where the tenant there apparently raised the issue of an HMD for the first time in her PAR and the PAR was dismissed, not on the merits, but rather on the procedural ground of the tenant's failure to proceed (*see Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481 [1979]; *Tong v Hang Seng Bank,* 210 AD2d 99 [1994]).

While judicial review in a proceeding brought pursuant to CPLR article 78 is limited, we cannot agree with the IAS court that the agency's determination was not arbitrary and capricious (*see Matter of Pell v Board of Educ.,* 34 NY2d 222 [1974]). Indeed, "[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious" (*Matter of Charles A. Field Delivery Serv.* [*Roberts*], 66 NY2d 516, 517 [1985]). Here, DHCR inexplicably failed to follow a prior determination in a proceeding with remarkably similar facts or explain its reasons for reaching a contrary result. Moreover, judicial precedent is also contrary to DHCR's finding here.

The record here discloses that there are two separate boilers in the Ninth Avenue basement, each serving one building, and that in each of the two buildings there are separate electric meters, water lines, sewer lines, gas lines, electric lines, electric meters, roof lines, fire escapes, mail boxes, postal service, zip codes, and entrance doors. Petitioner also produced records from the Department of Buildings and the Department of Housing Preservation and Development which indicated that the buildings were separate structures and were issued separate certificates of occupancy. One of the buildings (721 Ninth Avenue) has a basement; the other (403 West 49th Street), a small cellar. The basement can be accessed through a door between it and the cellar. The proof shows that the door is kept locked. Both buildings were conveyed together in the same deed and have been owned and managed together for decades.

In *Matter of Various Tenants of 111-113 & 115 Court St.* (DHCR Admin Appeal Docket Nos. ART 00622-K, ART 00623-K, ART 00605-K, ART 06143-K, and DRO Docket Nos. 2AD 59745, 2AD 59746 [Sept. 17, 1987] [record on appeal, at 69-71]), repeatedly raised by petitioner throughout this proceeding and inexplicably ignored by both DHCR and the IAS court, DHCR reached a contrary conclusion based on the same issue and virtually the same facts. In *Various Tenants*, the District Rent Administrator found that the apartments at issue were not subject to rent stabilization because each of the two buildings contained fewer than six apartments despite tenants' claim that the premises constituted an HMD. The record reveals that the two premises are attached buildings with separate entrances, hallways, mailboxes, roofs, basements, utility, water and sewer lines, and the post office considered the buildings as separate premises. A heating plant in the basement of one building and a fuel tank in the basement of the other building serve both buildings. The facade gives the impression of one large building. No certificates of occupancy were on file, but the buildings were on one tax lot and the owner received one real estate tax bill. DHCR denied the tenants' appeal upon a finding that the "record discloses that the separate physical characteristics of the premises predominate over the common ones."

Similar facts were also presented in *O'Reilly v New York State Div. of Hous. & Community Renewal* (291 AD2d 252 [2002], *lv denied* 98 NY2d 611 [2002]) where, although the adjacent buildings were managed by the same company and shared the same boiler, the buildings had separate sewer, gas, electric and water lines and separate gas and water meters. Other than the shared heating system, there was no other "structural or mechanical

commonality among the buildings" (*id.* at 254). Moreover, "[c]ommon ownership is not determinative to establish that separate buildings constitute a horizontal multiple dwelling" (*id.*; *see also Duell v Roberts*, NYLJ, Feb. 18, 1994, at 28, col 5 [App Term 1st Dept] [finding that building not part of an HMD upheld where, although undisputed that subject building shared common ownership and management with contiguous buildings, evidence at trial established that building had separate heating, hot water, sewerage, electricity and gas as well as separate tax block and lot, certificate of occupancy, multiple dwelling registration and building entrance]; *DeLorenzo v Krizman*, NYLJ, May 16, 1986, at 12, col 1 [App Term, 1st Dept], *affd* 125 AD2d 1015 [1986] [fact that contiguous buildings under single ownership share one heating plant does not, without more, create a combined multiple dwelling]; *Nicholson & Nichols v McClintock*, NYLJ, Mar. 3, 1987, at 5, col 1 [App Term, 1st Dept] [evidence that four contiguous buildings are independent structures predominates over evidence of HMD, where each building separately billed for water and sewer taxes, each building has separate electrical service and metering, each building has own street entrance, and two buildings separately registered as multiple dwellings under separate certificate of occupancy, even though all four buildings share common owner and boiler]).

This is not the first time that DHCR has issued inconsistent rulings (*see e.g. Matter of Jemrock Realty Co. v New York State Div. of Hous. & Community Renewal*, 7 AD3d 338 [2004]). Exacerbating this internal contradiction is DHCR's and the IAS court's failure to also follow judicial precedent. We recognize that judicial review of an agency determination is limited. However, we are not bound by an agency determination that is irrational or unreasonable (*see Matter of Pell, supra; Matter of Kenton Assoc. v Division of Hous. & Community Renewal*, 225 AD2d 349 [1996]). Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.