■ PHYLIS BRINGSLIMARK et al., Appellants, v TOWN OF CLARKSTOWN et al., Respondents.—In an action, inter alia, for a judgment declaring a restriction against certain real property prohibiting its further subdivision to be null and void, the plaintiffs appeal from an order of the Supreme Court, Rock-

land County (Palella, J.), dated January 7, 1986, which denied their motion for summary judgment against the defendant Town of Clarkstown, and granted the defendants' cross motions for summary judgment dismissing the complaint insofar as it is asserted against each of them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff, Phylis Bringslimark, is the owner of a four-acre parcel of real property described as lot No. 20 on the subdivision plot of Demarest Heights, in the Town of Clarkstown. Demarest Heights consists of a 20-acre parcel of land subdivided into 20 lots, including the lot owned by the plaintiff Bringslimark.

This action arises following the plaintiffs' failure to obtain a permit to subdivide the property into three parcels for development, based upon a notation on the map of Demarest Heights subdivision filed in the Rockland County Clerk's office which prohibited the further subdivision of lot No. 20. The plaintiffs' main contention in this action is that the restriction prohibiting further subdivision of the property is null and void because lot No. 20 was released from the subdivision of Demarest Heights, and the notation on the map imposing the restriction against this lot was made and filed after the property was conveyed by the prior owner to the plaintiff Humming Bird Hills, Inc. and without their authorization. However, the identical issues were previously litigated in a proceeding pursuant to CPLR article 78, entitled *Bringslimark v Town of Clarkstown* (Sup Ct, Rockland County, Mar. 2, 1984, Miller, J.). By order of the Supreme Court, Rockland County (Miller, J.), dated March 2, 1984, the petition was dismissed. In its memorandum decision, that court rejected the petitioner's claims that he was not bound by the restriction against lot No. 20, pointing out that the property in question "was an integral part of the entire premises [the Demarest Heights subdivision] request[ed] to be subdivided". That court further pointed out that lot No. 20 was released for conveyance prior to the final approval for the Demarest Heights subdivision upon the condition that the lot not be subdivided further, in order to limit the subdivision of the entire tract to 20 lots. Moreover, that court held that the proceeding pursuant to CPLR article 78 was barred by the 30-day limitation period provided under Town Law § 282 for judicial review of the town's decisions and actions.

Our review of the record indicates that in this action,

Special Term properly dismissed the complaint insofar as it is asserted against all of the defendants. The plaintiffs' challenge to the validity of the subject restriction against the property is barred by the running of the 30-day Statute of Limitations under Town Law § 282. Further, as these same issues were litigated in the prior CPLR article 78 proceeding by a party in privity with the plaintiff, Phylis Bringslimark, the doctrine of collateral estoppel is applicable, precluding further review of this matter. Moreover, as pointed out by the defendants in their cross motions, and supported by the evidence in the record, the plaintiffs had full notice prior to the purchase of the property that it was part of a subdivision of the 20-acre parcel of Demarest Heights, which, under Town Law § 281 and the applicable zoning regulations, could not be subdivided into more than 20 lots, including that of the plaintiffs. Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.