■ In the Matter of 33 PROSPECT STREET CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [789 NYS2d 444]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated March 12, 2003, which modified a determination of the District Rent Administrator dated January 18, 2002, finding, in effect, that a certain apartment is subject to the Emergency Tenant Protection Act of 1974, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Dunne, J.), entered November 13, 2003, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

By orders dated December 13, 1985, and September 23, 1988, respectively, it was determined that a certain apartment occupied by the tenant since 1961 was subject to the Emergency Tenant Protection Act of 1974. Those proceedings were litigated by a prior owner of the building in privity with the petitioner who did not petition for further review. Collateral estoppel precludes the petitioner from seeking further review of the issue (see *Bringslimark v Town of Clarkstown*, 128 AD2d 663, 665 [1987]).

In any event, the determination of the New York State Division of Housing and Community Renewal dated March 12, 2003, that the Emergency Tenant Protection Act of 1974 applied to the apartment had a rational basis and should not be disturbed (*see Nine Hunts Lane Realty Corp. v New York State Div. of Hous. & Community Renewal*, 151 AD2d 465 [1989]). Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.