■ In the Matter of 504 11TH STREET CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [813 NYS2d 761]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated December 23, 2003, which denied a petition for administrative review and confirmed a determination of the rent administrator dated October 8, 2003, awarding the tenant treble damages for rent overcharges, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Lewis, J.), dated August 20, 2004, as denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs to the respondent New York State Division of Housing and Community Renewal.

The petitioner's opposition to the rent overcharge complaint at issue rests solely on its contention that the building in which the subject dwelling unit is located became exempt from regulation under the Emergency Tenant Protection Act (L 1974, ch 576, § 4, as amended [ETPA]) by reason of its substantial rehabilitation (*see* McKinney's Uncons Laws of NY § 8625 [a] [5] [ETPA § 5 (a) (5)]). However, that claim was rejected by the New York State Division of Housing and Renewal (hereinafter the DHCR) in a prior proceeding. The petitioner challenged that result unsuccessfully in a proceeding pursuant to CPLR article 78, from which it took no appeal. Since the petitioner had a full and fair opportunity to litigate the issue in the prior proceeding, the DHCR rationally determined that the petitioner was collaterally estopped from raising it in opposition to the

rent overcharge claim at issue here (*see Matter of 33 Prospect St. Corp. v New York State Div. of Hous. & Community Renewal,* 15 AD3d 492 [2005]). Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.