ADELE MANCINI and VINCENZO MANCINI, Respondents, v. JOHN UNSO, Doing Business under the Firm Name and Style of JOHN UNSO & SON, and Others, Defendants, and WILSON & Co., INC., Appellant.— In an action to recover damages for personal injuries sustained as the result of consumption of pork infected with trichinæ, and for loss of services and for expenses, order, in so far as it grants plaintiffs' motion for examination before trial of defendant Wilson & Co., Inc., modified on the law by striking therefrom item " c " with respect to the scope of the examination of said defendant, and by striking from item " b " the word " might " and inserting in place thereof the words " was intended to." As so modified, the order, in so far as appealed from, is affirmed, without costs; the examination to proceed on five days notice. There is no allegation in the complaint which would make item " c " a material subject of inquiry. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERARD GERHARDT (Correct Name JOSEPH GEERAERT), Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Queens [County of Queens], convicting the defendant of the crime of violating and omitting to comply with the provisions of chapter 50 of the Laws of 1921, as amended, and also section 1272 of the Penal Law, reversed on the facts and a new trial ordered. The information alleges and the testimony of the complainant shows that she was hired at a salary of $8 a week, and the information charges that such wage was not paid in full. The charge that the sum of $34.52 was owing to her as wages, and not paid, is founded substantially not on the claim that claimant was not paid $8 a week and tips, but that she was entitled to additional compensation for overtime work. There is no proof of any agreement to pay her for overtime, and no proof that she was compelled to work overtime. On the complainant's own showing, for the period of the four weeks which she worked, she was entitled to but the sum of $32, less $6.50 for her uniform, health card and pass book. Undoubtedly, some small amount was also deducted as social security payments. Thus, she was entitled to approximately $25 for the period. She admitted that she had received $10.51 and had refused $7.70, or a total of over $18. The defendant testified that she was paid $18.56, and also that she refused a final week's salary of $7.77, which she admits to the extent of $7.70, or in all more than the net amount to which the complainant was entitled on her own showing. On the issue of fact as to the precise amounts received by complainant, the defendant's testimony was supported by signed receipts of the complainant as well as the testimony of the hostess who actually paid the complainant, as against the unsupported testimony of the complainant who obviously was in error in saying that she received her first wages on May 19, 1940. The conviction is against the weight of the credible evidence. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.