Harold J. Crawford, J.
In an action to recover a salesman’s commissions allegedly due from a corporate employer for a period from January 1, 1948 to September 1, 1960, the plaintiff moves to examine the defendant before trial and for the production at the examination of certain books and papers pursuant to section 296 and section 324 of the Civil Practice Act. The defendant cross-moves to examine the plaintiff and for the pro *947 duction at the examination of certain books and records relating to the merits of the action.
The defendant urges that the plaintiff’s examination be limited to the matters occurring with the six-year period prior to the commencement of the action since all prior transactions would be barred by the Statute of Limitations. The plaintiff contends that the items of examination sought by the defendant in its cross motion are not material to the issues raised in the pleading and that certain of these matters are within the defendant’s knowledge.
It is not clear from the record whether the commissions claimed to be due were part of a “ running account ’ ’ in which event the six-year Statute of Limitations would not apply. (Rubin v. Dairymen’s League Co-op. Assn., 259 App. Div. 23.) When the court cannot ascertain if the Statute of Limitations has run it cannot deny an examination before trial. (Mencher v. Richards, 283 N. Y. 176.) Where a motion for the production of books and records is made at the same time as a motion for an examination before trial, it would not be proper to direct the discovery and inspection pursuant to section 324 of the Civil Practice Act before the conclusion of the examination before trial. (Battaglia v. New York City Tr. Auth., 2 A D 2d 985.)
Accordingly, plaintiff’s motion for an examination before trial and for the production of books and records upon that examination for use thereon in the manner contemplated in section 296 of the Civil Practice Act is granted.
A party is limited in its examination before trial to matters material to the issues raised by the pleadings. (Mancini v. Unso, 263 App. Div. 742.) The fact that a party already has knowledge of the matters sought is no reason for refusing the examination. (McGrath v. Blumenthal, 220 App. Div. 781.)
Accordingly, the defendant’s cross motion is granted except that an examination as to Item 1 of the defendant’s items of examination is denied as not being a material subject of inquiry. The examinations granted herein are to take place in Special Term, Part II, of this court at a date and time to be fixed in the order to be entered hereon.