Louis B. Heller, J.
Petitioner, a former tenant who occupied the second floor apartment in premises 2470 Bast 11th Street, Brooklyn, Hew York, it being the rear building of two two-family houses on the same block, institutes this article 78 proceeding to review respondent’s determination which denied his protest by order issued January 24, 1964, and affirmed the order of the District Rent Director exempting the subject housing accommodation from control pursuant to section 2 (subd. f, par. [12]) of the City Rent, Eviction and Rehabilitation Regulations.
Petitioner contends inter alia that his former apartment was not in a two-family dwelling but in a four-family building; that he occupied a second floor rear apartment in premises 2468-2470 East 11th Street; that the said premises consisted “ of two (2) *21 attached two (2) story brick buildings. ’ ’; that the Bent Administrator reversed the position earlier taken when decontrol was refused his apartment in June, I960; that the Administrator erred in reopening her order and rendered a decision expressing a complete about-face reasoning.
Upon a meticulous examination of the record and the submitted papers, the court finds petitioner’s posture to be without merit. On the contrary, it appears that the Administrator after reviewing all the evidence in the record and having considered the matter de novo, made a proper determination.
The challenge to the Administrator’s right to “reopen” these proceedings is also Avithout merit. It has frequently been upheld that the Administrator has the right to reopen, modify, supersede or revoke her orders. This is clearly enunciated in section 88 of the regulations. As here pertinent, it reads as follows:
“ Section 88. Modification or revocation of orders, a. * * * the District Bent and Behabilitation Director may not modify, supersede or revoke any order issued under these or previous regulations unless he finds that such order was the result of illegality, irregularity in vital matters, or fraud. ’ ’
Here the record shoAvs that respondent found an irregularity in a vital matter in that a serious inconsistency was discovered which warranted a change in determination. For if the second floor apartment in the front two-family house described as 2468 East 11th Street was decontrolled, how then could the second floor apartment in the rear two-family dwelling Ioioaaui by street No. 2470 East 11th Street, upon being vacated be denied decontrol.
The fact that the two houses are under single ownership and have one heating plant does not, of itself, with nothing more, make the two separate dwellings of íavo families each a four-family dwelling. (See Matter of Castleton Estates v. Abrams, 1 A D 2d 390, mot. for lv. to app. den. 2 A D 2d 673.) Nor was the challenged determination that the premises here involved are two separate buildings hastily or haphazardly made. Substantial evidence appears in the record to support respondent’s finding of fact as is exemplified by the opinion of a registered architect; a certificate of occupation issued by the Building Department; the statement of the latter’s representative that according to the Administrative Code of the City of New York, each of the subject buildings is considered a two-family dwelling; the fact that each building has its oAvn entrance with no access from one building to the other except for an illegal opening in *22 the cellar; that each building is separately billed for water and sewer taxes by the Department of Water Supply, Gas and Electricity.
The review here sought by the tenant places much stress and continues to urge the illegality of the reopening and reconsideration as well as an insufficiency of proof to support not only the owner’s contention as shown in the record, but also respondent’s determination. The latter’s action, however, albeit authorized by section 88 of the Rent, Eviction and Rehabilitation Regulations is enforced by the strong admonition found in Matter of Cupo v. McGoldrick (278 App. Div. 108), which at page 112 quotes from People ex rel. Finnegan v. McBride (226 N. Y. 252) as follows: “ Error may be corrected by setting it aside if it was the result of illegality, irregularity in vital matters, or fraud.” (See Matter of Alamac Estates v. McGoldrick, 2 N Y 2d 87, 89, approving the Matter of Cupo, supra, holding.)
Thus, upon the Administrator’s finding that the subject order was the result of an irregularity in a vital matter, the court finds the reopening of the proceedings in 1960 to be proper and pursuant to the authority of section 88. To further elaborate upon the facts will serve no useful purpose for it is evident there is ample warrant in the record and the submitted papers, in law and fact, to sustain the determination made. Since the order of the Rent Administrator has a reasonable basis, was not shown to be arbitrary or capricious, the court may not disturb such determination. (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1, 3; Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104; Matter of Venizelos v. Abrams, 1 AD 2d 782.)
The application is denied and the petition is dismissed. Settle order.