In the Matter of LOVE SECURITIES CORP., Respondent, *v.* FREDERIC S. BERMAN, as City Rent and Rehabilitation Administrator, Appellant, and ROBERT P. ENGELKE et al., Intervenors.

First Department, January 20, 1972.

*Arthur Kass* of counsel (*Daniel W. Joy,* attorney), for appellant.

*Will B. Sandler* of counsel (*Michael R. Kleinerman* with him on the brief; *Booth, Lipton & Lipton,* attorneys), for respondent.

STEUER, J.   The premises involved are located on Barrow Street and comprise four buildings with separate addresses. Numbers 34 and 36 front on the street, and have been converted into multiple dwellings with nine apartments in the two buildings.   Numbers 34½ and 36½ are in the rear of the buildings, not physically connected with the other two or with each other, and access to them is through a narrow alley.   These buildings were originally the stables for those fronting on the street and have been converted to single-family residences.   The four buildings have been in a single-ownership for a very long period — possibly as long as 130 years.   Heat, light and other utilities are supplied to all four from common sources.   The buildings are covered by a single mortgage.

The question presented is whether the two single-family units, numbers 34½ and 36½ Barrow Street, constitute separate units and as such should be decontrolled on the landlord's application, or are part of a single complex and hence subject to control. The factors which contribute to determination of such a question are common ownership, management, including supply of services, and common facilities.   As usual in such questions, cases present different combinations of those factors and no one factor can be said to be determinative (see *Matter of Coyle* v. *Gabel,* 21 N Y 2d 808; *Matter of Castleton Estates* v. *Abrams,* 1 A D 2d 390; *Matter of Goldstein* v. *Gabel,* 44 Misc 2d 20); although in all probability diversified ownership alone would indicate separate units (*Matter of Amorelli* v. *Berman,* 19 N Y 2d 960).   Where there are divergent factors which might well lead to different conclusions, the initial decision is for the respondent Rent Administrator, and his determination, unless arbitrary, is final (*Matter of Venizelos* v. *Abrams,* 1 A D 2d

782). The presence of the several enumerated factors shows that there is a rational basis for the Administrator's conclusion, and as such it should not be disturbed (*Matter of Colton* v. *Berman*, 21 N Y 2d 322; *Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104).

Judgment entered February 3, 1971 (SPECTOR, J.) annulling the determination of respondent City Rent and Rehabilitation Administrator should be reversed on the law, and determination confirmed without costs.

NUNEZ, J. P., KUPFERMAN, MCNALLY and CAPOZZOLI, JJ., concur.

Judgment, Supreme Court, New York County, entered on February 3, 1971, unanimously reversed, on the law, and the determination of respondent-appellant confirmed and the petition dismissed, without costs and without disbursements.