■ In the Matter of GEORGE F. NIEVES, Respondent, v DANIEL W. JOY et al., Appellants. — Judgment, Supreme Court, New York County (Cahn, J.), entered on January 26, 1981, affirmed, without costs and without disbursements, for the reasons stated by Cahn, J., at Special Term. Concur — Kupferman, J. P., Carro, Markewich and Milonas, JJ.

Lynch, J., dissents in a memorandum as follows: Under successive leases commercial in character, the petitioner has since 1955 occupied the subject premises, a street-front store with rooms at the back for residential use. The petitioner conducts a television repair shop in the store and now lives in the back. The respondent commissioner has found the premises exempt from rent control. It is agreed that the determinative rule depends on whether there is "separability" between the commercial and the residential portions; if there is no separability and the tenant derives "substantial income" from the commercial portion, the entire unit is exempt from rent control. An inspection of the premises disclosed that its only sanitary facility was a bathroom at the far end of the living quarters. In his order the respondent commissioner stated that while "there may be no specific legal requirement that both the store and the apartment have separate sanitary facilities" he was "of the opinion that the operator of a commercial store must have access to sanitary facilities and that without such access a commercial portion of a unit cannot be considered separate and independent from the dwelling portion". The commissioner found no separability and that the petitioner derived substantial income from his commercial use of the premises. Special Term held that the commissioner's determination was arbitrary and capricious. It found "that the record contains a factual dispute, which has not been resolved, as to whether or not separate sanitary facilities are required by the applicable provisions of the law". Further, it found no evidence in the record to support the commissioner's finding of substantial income commercially derived. In concluding that there was a factual dispute about the law requiring separate facilities, Special Term misinterpreted the commissioner's observation that there may be no specific requirement, taking it to mean that there was no requirement at all. The commissioner pointed out to Special Term, and Special Term apparently overlooked, that there was such a requirement implicit in a pertinent ordinance, section P104.1 of reference standard RS-16 of the Administrative Code of the City of New York (Department of Housing and Buildings). Subdivision (a) thereof provides that "[t]he number of plumbing fixtures required for an occupancy shall be as listed in table RS 16-5". That table requires: for each dwelling unit, one water closet, one lavatory, and one shower or bathtub; for "Public buildings, offices, business mercantile, storage; warehouses, factories, and institutional employees", one water closet for 1 to 15 persons of each sex, one lavatory for 1 to 20 persons and one drinking fountain for each 75 persons.

I find this ordinance to be an unambiguous authority for the commissioner's finding of the lack of separability of these premises. To the extent that the regulation might be deemed needful of interpretation, the commissioner's construction is a rational one and we should defer to it (*Matter of Love Securities Corp. v Berman,* 38 AD2d 169). I find also that Special Term erred in holding that there was no evidence to support the commissioner's finding that there was substantial income derived by the petitioner from a commercial use of the premises. There was evidence that the television repair shop was open for business every day except Sunday and when the petitioner was ill. There was evidence that when the petitioner leased the premises for a repair shop in 1955 he was living elsewhere and continued living away from the repair shop premises for the following eight years. There was evidence that since 1955 the petitioner has worked at no occupation other than in this repair shop. There were many inconsistencies in the petitioner's testimony casting doubt on his contention that his commercial income was insignificant. We find this record sufficient for the commissioner to have concluded that "a substantial part of the tenant's income is derived from the operation of the repair business". I would reverse and dismiss the petition.