■ ANDREW BLANE, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. ROBERT REITER, Intervenor-Respondent.—Judgment of the Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered March 31, 1988, which dismissed the CPLR article 78 petition seeking to annul the order of respondent New York State Division of Housing and Community Renewal dated September 21, 1987, holding that the subject premises was subject to the Rent Stabilization Law as a horizontal multiple dwelling, is unanimously affirmed, without costs or disbursements.

The Division of Housing and Community Renewal found that a two-unit structure occupied by intervenor-respondent Robert Reiter was part of a horizontal multiple dwelling complex consisting of an eight-unit front building and two, two-unit semiattached buildings.

Accommodations in one- or two-unit buildings which are part of horizontal multiple dwellings have consistently been held to be subject to rent regulation *(see, Matter of Love Sec. v Berman,* 38 AD2d 169). "Further, the language of Administrative Code § 26-505, specifically the words 'shall be deemed to include a multiple family garden-type maisonette dwelling complex' is inclusive rather than exclusive and does not restrict the definition of dwellings covered by the act to 'garden-type maisonette' structures" *(Matter of Salvati v Eimicke,* 135 AD2d 424, 426, *revd on other grounds* 72 NY2d 784).

The record shows here that the structures have been in common ownership and management since before 1966 and that they share water, sewer, electric and gas systems. They are on one tax lot, and water, sewer and real estate taxes are paid in common. The heating system was also shared until 1982. Thus, the factual findings set forth support the determination of the agency. "In determining the existence of a regulated horizontal multiple dwelling the crucial factor, therefore, is not whether the housing accommodations are part of a 'multiple family garden-type maisonette complex', but rather whether there are sufficient indicia of common facilities, common ownership, management and operation to warrant treating the housing as an integrated unit and multiple dwelling subject to regulation" *(Matter of Salvati v Eim-*

*icke,* 72 NY2d, *supra,* at 792). Concur—Carro, J. P., Asch, Milonas and Rosenberger, JJ.