■ NINE HUNTS LANE REALTY CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal dated June 15, 1987, which found that certain premises owned by the petitioner were subject to the provisions of the Emergency Tenant Protection Act of 1974, the petitioner appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), entered March 21, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The subject premises consist of two adjacent buildings in Brooklyn. One of the buildings, which is located at 9 Hunts Lane, contains two dwelling units. The other building, which is located at 116 Remsen Street, contains 10 dwelling units. The two buildings have a long history of common ownership and management.

The principal issue is whether the various factors present here are sufficient to provide a rational basis for the determination by the New York State Division of Housing and Community Renewal (hereinafter the DHCR) that the common facilities, ownership, and management of the buildings warrant the treating of the premises as one integrated unit, thereby constituting a horizontal multiple dwelling for purposes of rent stabilization. Based upon a physical inspection by the DHCR's inspector, which found that the premises had shared a common heating, sewer, oil and water system, the DHCR determined that the two units constituted a single horizontal multiple dwelling and are therefore subject to the Emergency Tenant Protection Act of 1974.

It is well settled that a determination of the DHCR which is rationally based and in accordance with the law should be

upheld, even ,where there are divergent factors which might lead to different conclusions *(see, Matter of Krakower v State of New York, Div. of Hous. & Community Renewal, Off. of Rent Admin.,* 137 AD2d 688; *Matter of Love Sec. Corp. v Berman,* 38 AD2d 169, 171). The DHCR considered all of the relevant factors and concluded that the common features predominate *(see, Matter of Bambeck v State Div. of Hous. & Community Renewal, Off. of Rent Admin.,* 129 AD2d 51; *cf., Matter of Salvati v Eimicke,* 72 NY2d 784, *revg* 135 AD2d 424). On this record we find no reason to interfere with the determination that 9 Hunts Lane and 116 Remsen Street together comprise a horizontal multiple dwelling, subject to the Emergency Tenant Protection Act of 1974. Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.