■ In the Matter of ALBERT D. PITTIS, Appellant, v NEW YORK CITY LOFT BOARD et al., Respondents. [607 NYS2d 355] — Order, Supreme Court, New York County (Herman Cahn, J.) entered August 10, 1992 which denied the CPLR article 78 petition seeking to vacate respondent's determination that 236 and 238 Park Avenue South constituted a horizontal multiple dwelling, unanimously affirmed, and that portion of the petition transferred to this Court pursuant to CPLR 7804 (g) to review the determination that the Zox space at 236 Park Avenue South was used for residential purposes unanimously confirmed, the balance of the petition denied and the balance

of the proceeding brought pursuant to CPLR article 78 is dismissed, all without costs.

The question of whether two contiguous structures may be considered a horizontal multiple dwelling and therefore an interim multiple dwelling subject to the Loft Law requires consideration of several factors, none of which are necessarily determinative *(Matter of Love Sec. Corp. v Berman,* 38 AD2d 169, 170). Here, the two buildings enjoyed common ownership and management, contained a common entrance way and stairwell permitting ingress and egress to both buildings, and were conveyed to the present owners by one deed. Additionally, there was a common roof and drainage system as well as decorative parapet. The presence of these common features is more than sufficient to conclude that respondent's determination has a rational basis. That there exist other factors which might lead to a different conclusion does not render the respondent's determination arbitrary.

As for use of the Zox unit at 236 Park Avenue South for residential purposes, there was testimony that this space was used together with the other space at 238 Park Avenue South as one continuous residential unit for an artist. The testimony could reasonably be interpreted as applying to the critical period and simply because the Zox's may have deducted the rent as business expenses on their tax returns does not mandate a finding that the premises was used for business purposes within the meaning of the Loft Law.

We have considered petitioner's other points and find them to be without merit. Concur—Carro, J. P., Wallach, Ross, Rubin and Williams, JJ.