■ In the Matter of LIVINGSTON ASSOCIATES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [734 NYS2d 484] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Division of Housing and Community Renewal, dated December 22, 1999, finding that the building owned by the petitioner is a horizontal multiple dwelling subject to rent regulation, the petitioner appeals from a judgment of the Supreme Court, Kings County (Garry, J.), dated September 13, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgement is affirmed, with one bill of costs.

Horizontal multiple dwellings may be subject to rent regulation provided that they share common facilities and services so as to warrant treating the housing as an integral unit (*see, Matter of Salvati v Eimicke,* 72 NY2d 784; *Matter of Waljoy Realty Co. v New York State Div. of Hous. & Community Renewal,* 242 AD2d 635). Under the circumstances of this case, the determination of the Commissioner of the New York State Division of Housing and Community Renewal that the three buildings in question constitute a horizontal multiple dwelling subject to rent regulation because they have common ownership, common management, and share common facilities was not arbitrary and capricious (*see,* CPLR 7803 [3]; *Matter of Petruso v New York State Div. of Hous. & Community Renewal,* 216 AD2d 301; *Matter of Ruskin v Miller,* 172 AD2d 164; *Nine Hunts Lane Realty Corp. v State Div. of Hous. & Community Renewal,* 151 AD2d 465; *Matter of Bambeck v State Div. of Hous. & Community Renewal, Off. of Rent Admin.,* 129 AD2d 51; *Matter of Love Sec. Corp. v Berman,* 38 AD2d 169). O'Brien, J. P., Florio, Schmidt and Townes, JJ., concur.