■ In the Matter of 12th Co. LLC, Appellant, v New York State Division of Housing and Community Renewal, Respondent. [757 NYS2d 539] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered February 15, 2002, which denied petitioner landlord's application to annul respondent Division of Housing and Community Renewal's (DHCR) determination that the subject tenant is entitled to a rent stabilized renewal lease regardless of whether the building had undergone a substantial rehabilitation, unanimously affirmed, without costs.

The tenant is entitled to a rent stabilized renewal lease notwithstanding that the remainder of the building in which his apartment is located may have been substantially rehabilitated, there being no dispute that the tenant was in full occupancy of the apartment during any such rehabilitation, and that his apartment was not substantially affected thereby. Emergency Tenant Protection Act of 1974 ([ETPA] L 1974, ch 576, § 4, as amended) § 5 (a) (5) (McKinney's Uncons Laws of NY § 8625 [a] [5]) exempts from rent stabilization "housing accommodations in buildings completed or buildings substantially

rehabilitated as family units" on or after January 1, 1974. As reflected in Rent Stabilization Code (9 NYCRR) § 2520.11 (e) (6), DHCR interprets this exemption to exclude "occupied rent regulated housing accommodations [that] have not been rehabilitated, * * * notwithstanding a finding that the remainder of the building has been substantially rehabilitated, and therefore qualifies for exemption from regulation." Petitioner argues that this interpretation is ultra vires since ETPA § 5 (a) (5), on its face, contains no exceptions to its exemption of apartments in substantially rehabilitated buildings. For the reasons stated in *Matter of Copeland v New York State Div. of Hous. & Community Renewal* (164 Misc 2d 42 [1994] [Sup Ct, NY County, Martin Schoenfeld, J.]), we hold that the challenged interpretation is within the intent of ETPA § 5 (a) (5), which speaks only to the existence of the exemption, not its scope. "The Legislature's objective, in its briefly worded exemption, was to encourage the creation and rehabilitation of housing, not to fine tune delicate, contentious issues of rent regulation." (*Id.* at 49.) "[A] landlord should not be able to raise the rent of a continuously occupying tenant whose apartment has not been rehabilitated since (1) there are no costs attributable to the apartment to recoup, (2) the tenant has not benefitted from any improvement to the apartment, *and* (3) the landlord may have other means of recouping building-wide costs even from the tenant at issue" (*id.* at 50-51). Concur—Tom, J.P., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.