■ In the Matter of MARTIN HEILWEIL, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [785 NYS2d 63]—

Order, Supreme Court, New York County (James A. Yates, J.), entered October 21, 2003, which denied the petition brought pursuant to CPLR article 78 seeking to annul respondent's determination of lack of standing to challenge the rent stabilization exemption of other units in the building, unanimously affirmed, without costs.

It is undisputed that petitioner's apartment is excluded from the rent stabilization exemption for other units in the building (*see* Rent Stabilization Code [RSC] [9 NYCRR] § 2520.11 [e] [6]; *Matter of 12th Co. v New York State Div. of Hous. & Community Renewal*, 303 AD2d 328 [2003], *lv denied* 100 NY2d 507 [2003]). Respondent's determination that petitioner was not adversely affected by the ruling, and thus had no standing to challenge it, has a rational basis (*see Matter of Pell v Board of Educ.*, 34 NY2d 222 [1974]). Furthermore, since the entire building has been subject to hotel stabilization, which requires a tenant to reside in a unit for six months before regulation is invoked (RSC § 2520.6 [j], [m]), petitioner should not be afforded the expectation of residing in a building containing only regulated apartments.

Petitioner's argument that he does indeed have standing because of his right to collective bargaining and to organize under the Real Property Law was never raised during the administrative proceeding, and thus will not be considered here (*see Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756 [1982], *affd* 58 NY2d 952 [1983]). In any event, the deregulation of many of the building's units has not usurped petitioner's right to bargain collectively and organize.

Petitioner's remaining contentions are unavailing. Concur—Andrias, J.P., Sullivan, Ellerin, Lerner and Marlow, JJ.