■ In the Matter of JULIA 455, LLC, Appellant, v STATE OF NEW YORK, DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [960 NYS2d 219]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated September 15, 2010, which denied a petition for administrative review and confirmed a determination of a Rent Administrator dated September 30, 2009, which found that the petitioner's premises constituted a horizontal multiple dwelling subject to rent regulation, the petitioner appeals from a judgment of the Supreme Court, Kings County (Martin, J.), dated July 5, 2011, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court did not err in denying the petition and dismissing the proceeding. In determining the existence of a regulated horizontal multiple dwelling, the crucial question is whether there are sufficient indicia of common facilities, ownership, management, and operation to warrant treating the housing as an integrated unit and multiple dwelling subject to regulation (*see Matter of Salvati v Eimicke*, 72 NY2d 784, 792 [1988]; *Matter of Waljoy Realty Co. v New York State Div. of Hous. & Community Renewal*, 242 AD2d 635 [1997]; *Matter of Bambeck v State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 129 AD2d 51 [1987]). While different combinations of those factors may be present in any given case, no one factor is determinative (*Matter of Bambeck v State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 129 AD2d at 54; *Matter of Love Sec. Corp. v Berman*, 38 AD2d 169 [1972]).

Even where, as here, there are divergent factors that might lead to different conclusions, the determination of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) should be upheld, if not arbitrary or irrational (*see Nine Hunts Lane Realty Corp. v New York State Div. of Hous. & Community Renewal*, 151 AD2d 465 [1989]; *Matter of Krakower v State of N.Y., Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 137 AD2d 688 [1988]; *Matter of Bambeck v State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 129 AD2d at 54; *Matter of Love Sec. Corp. v Berman*, 38 AD2d at 170-171). The presence of common ownership, management, and physical features of the subject properties demonstrates that the DHCR's determination had a rational basis, and was not arbitrary and capricious. That other existing factors might have supported a different conclusion does not render the DHCR's determination arbitrary and capricious (*see Matter of Pittis v New York City Loft Bd.*, 201 AD2d 388 [1994]; *see also Matter of Livingston Assoc. v New York State Div. of Hous. & Community Renewal*, 289 AD2d 245 [2001]). Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.