■ In the Matter of Steven Kobrick et al., Appellants, v New York State Division of Housing and Community Renewal et al., Respondents. George David McCune, Proposed Intervenor-Appellant. [7 NYS3d 24]—

Order and judgment (one paper), Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered January 22,

2014, which denied the petition for an order annulling respondent New York State Division of Housing and Community Renewal's (DHCR) determination, dated January 27, 2012, denied the motion by the proposed intervenor to intervene as a petitioner, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

DHCR's determination that the subject apartment is not subject to the Rent Stabilization Code because the subject building is not part of a horizontal multiple dwelling was rational, was not arbitrary and capricious, and was not affected by an error of law (*see Matter of Bambeck v State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 129 AD2d 51, 54-55 [1st Dept 1987], *lv denied* 70 NY2d 615 [1988]). DHCR considered the relevant factors in making its determination (*see Matter of Salvati v Eimicke*, 72 NY2d 784, 792 [1988]; *Matter of Bambeck*, 129 AD2d at 54), and the determination was based on the entire record. Although the record evidence indicates that the subject buildings have had common ownership and management since the base date of May 6, 1969, and have a shared heating system, these factors are not determinative (*see* 129 AD2d at 54). Moreover, there was sufficient evidence to support DHCR's determination, including the facts that the buildings were erected separately, conveyed under separate deeds, and have separate lot and block numbers. Further, the buildings lack similarity with respect to overall design, appearance and configuration, and appear as separate and independent structures with no common walls. The buildings also have separate electric meters, electric lines, sewer lines, gas lines, and plumbing systems (*see Salvati*, 72 NY2d at 792).

DHCR's determination was made in compliance with lawful procedure (*see* CPLR 7803 [3]). DHCR properly exercised its discretion in reopening the proceedings at the PAR level after Supreme Court had remanded the matter to it (*see* Rent Stabilization Code [9 NYCRR] § 2529.7). Petitioners fail to demonstrate any prejudice from their own ex parte communications with the DHCR inspector who carried out the inspection on the buildings. Further, petitioners were given an opportunity to take notes during the inspection and to present their views of the inspection to DHCR. DHCR was not required to hold a hearing, and it properly made its determination based on the inspection and the parties' written submissions (*see Matter of Bauer v New York State Div. of Hous. & Community Renewal*, 225 AD2d 410, 410 [1st Dept 1996], *lv denied* 88 NY2d 805 [1996]).

Supreme Court properly found that the proposed intervenor lacked standing to intervene in this proceeding (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]). The proposed intervenor's claimed injury—that the owner may, in the future, increase his rent or seek to demolish his building—is too speculative. Further, the alleged injury does not fall within the zone of interests sought to be protected by the Rent Stabilization Code, as the proposed intervenor's apartment is rent controlled, not rent stabilized (*see Matter of Heilweil v New York State Div. of Hous. & Community Renewal*, 12 AD3d 300 [1st Dept 2004]).

We have considered the appealing parties' remaining contentions for affirmative relief and find them unavailing. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Gische, JJ.