Matter of Mendoza v New York State Div. of Hous. & Community Renewal (2020 NY Slip Op 02614)





Matter of Mendoza v New York State Div. of Hous. & Community Renewal


2020 NY Slip Op 02614


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-12155
 (Index No. 500767/17)

[*1]In the Matter of Juan Mendoza, et al., petitioners,
v
New York State Division of Housing and Community Renewal, et al., respondents.


Linda Lee, Brooklyn, NY (Adam Meyers and Martin S. Needelman of counsel), for petitioners.
Mark F. Palomino, New York, NY (Anita Shia of counsel), for respondent New York State Division of Housing and Community Renewal.
Sidrane & Schwartz-Sidrane, LLP, Rockville Centre, NY (Karen Schwartz-Sidrane of counsel), for respondent United T, LLC.



DECISION, ORDER & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated November 18, 2016. The determination denied petitions for administrative review and confirmed three determinations of a Rent Administrator, all dated July 29, 2014, which found that a building located at 156 Kent Street, in Brooklyn, did not constitute part of a horizontal multiple dwelling subject to rent regulation, and granted a petition for administrative review and reversed a determination of a Rent Administrator, also dated July 29, 2014, which found that a building located at 917 Manhattan Avenue, in Brooklyn, did constitute part of a horizontal multiple dwelling subject to rent regulation. Motion by the respondent United T, LLC, pursuant to CPLR 3211(a)(3) to dismiss the petition insofar as asserted by the petitioners Vinicio Valera, Addiel Mendoza, and William Torres.
ORDERED that the motion by the respondent United T, LLC, pursuant to CPLR 3211(a)(3) to dismiss the petition insofar as asserted by the petitioners Vinicio Valera, Addiel Mendoza, and William Torres is denied; and it is further,
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs.
The respective petitioners reside in either of two buildings in Brooklyn located at 917 Manhattan Avenue and 156 Kent Street, respectively. There are three apartments in each building. The buildings are separated from one another, but each building adjoins a separate side of a building located at 919-921 Manhattan Avenue/158 Kent Street. All three buildings are on the same block and are owned by a common owner. The petitioners challenge determinations of a Deputy Commissioner of the respondent New York State Division of Housing and Community Renewal (hereinafter DHCR) which found that the buildings located at 156 Kent Street and 917 Manhattan [*2]Avenue did not constitute parts of a horizontal multiple dwelling subject to rent regulation. The respondent United T, LLC (hereinafter United T), moved pursuant to CPLR 3211(a)(3) to dismiss the petition insofar as asserted by Vinicio Valera, Addiel Mendoza, and William Torres. The Supreme Court transferred the proceeding and the motion to this Court pursuant to CPLR 7804(g) by an order dated June 5, 2017.
Since the petition did not raise a question of substantial evidence, the Supreme Court should not have transferred the proceeding and the motion to this Court (see CPLR 7804[g]; Matter of Santiago v Capra, 170 AD3d 1180, 1181). Nevertheless, we will decide the proceeding and the motion on the merits in the interest of judicial economy (see Matter of Santiago v Capra, 170 AD3d at 1181).
Petitioners Vinicio Valera, Addiel Mendoza, and William Torres were not parties to the initial administrative proceedings. However, the petition alleges, inter alia, that Vinicio Valera, Addiel Mendoza, and William Torres are tenants residing at the building located at 156 Kent Street in apartments which were the subject of DHCR's determinations, and that they are entitled to succeed to those apartments as tenants of record in the event that those apartments are determined to be subject to the Rent Stabilization Law. Accepting the facts as alleged in the petition as true and according the petitioners the benefit of every possible favorable inference, Vinicio Valera, Addiel Mendoza, and William Torres have pleaded facts which are sufficient to establish standing in this proceeding (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211; Leon v Martinez, 84 NY2d 83, 87-88).
In determining the existence of a regulated horizontal multiple dwelling, the crucial factor is "whether there are sufficient indicia of common facilities, common ownership, management and operation to warrant treating the housing as an integrated unit and multiple dwelling subject to regulation" (Matter of Salvati v Eimicke, 72 NY2d 784, 792; see Matter of Julia 455, LLC v State of N.Y., Div. of Hous. & Community Renewal, 104 AD3d 686, 687; Matter of Waljoy Realty Co. v New York State Div. of Hous. & Community Renewal, 242 AD2d 635, 636). Although different combinations of those factors may be present in any given case, no one factor is determinative (see Matter of Julia 455, LLC v State of N.Y., Div. of Hous. & Community Renewal, 104 AD3d at 687; Matter of Bambeck v State Div. of Hous. & Community Renewal, Off. of Rent Admin., 129 AD2d 51, 54). Where divergent factors might lead to different conclusions, the determination of DHCR should be upheld, if not arbitrary or irrational (see Matter of Julia 455, LLC v State of N.Y., Div. of Hous. & Community Renewal, 104 AD3d at 687; Nine Hunts Lane Realty Corp. v New York State Div. of Hous. & Community Renewal, 151 AD2d 465, 466; Matter of Krakower v State of N.Y., Div. of Hous. & Community Renewal, Off. of Rent Admin., 137 AD2d 688, 689).
Here, DHCR considered all of the relevant factors and concluded that the subject buildings did not constitute parts of a regulated horizontal multiple dwelling, because, although they were under common ownership and both adjoined the building located at 919-921 Manhattan Avenue/158 Kent Street, the separate features of the buildings predominated over their common features. The presence of separate physical features and facilities of the subject buildings, including, inter alia, separate water mains and sewer lines; separate gas mains and meters; separate electrical circuit panels and meters; and separate street entrances, bell-buzzer door systems and mailboxes, demonstrates that DHCR's determination had a rational basis, and was not arbitrary and capricious (see Matter of Salvati v Eimicke, 72 NY2d at 792; Matter of Kobrick v New York State Div. of Hous. & Community Renewal, 126 AD3d 538, 539; see also Yahudaii v Lawson, 2 Misc 3d 5, 6 [2d Dept]). Moreover, DHCR's determination did not depart from clear precedent (cf. Matter of 721 Ninth Ave., LLC v New York State Div. of Hous. & Community Renewal, 8 AD3d 41, 43).
Contrary to the petitioners' contention, DHCR's determination was made in compliance with lawful procedure (see CPLR 7803[3]; 9 NYCRR 2527.5[b], [c]; Matter of Kobrick v New York State Div. of Hous. & Community Renewal, 126 AD3d at 539), and the petitioners were not deprived of due process of law on the basis that they were not provided with DHCR's inspection reports (see Matter of Empress Manor Apts. v New York State Div. of Hous. & Community Renewal, 147 AD2d 642, 643; see also Matter of Jackson Hgts. 35, LLC v New York State Div. of Hous. & [*3]Community Renewal, 127 AD3d 862, 863; Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal, 79 AD3d 630, 632, affd, 18 NY3d 446).
In determining horizontal multiple dwelling status, the buildings' common facilities should be evaluated as of "the date the building or complex first became subject to the RSL" (9 NYCRR 2520.11[d]). Contrary to the petitioners' contention, DHCR did not fail to make critical findings as to the condition of the buildings on the relevant base date.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court