Matter of Piazzola v New York State Div. of Hous. & Community Renewal (2020 NY Slip Op 03665)





Matter of Piazzola v New York State Div. of Hous. & Community Renewal


2020 NY Slip Op 03665


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2019-01437
 (Index No. 7279/17)

[*1]In the Matter of Tasha Piazzola, et al., appellants,
v
New York State Division of Housing and Community Renewal, et al., respondents.


Sokolski & Zekaria, P.C., New York, NY (Daphna Zekaria of counsel), for appellants.
Mark F. Palomino, New York, NY (Jeffrey G. Kelly of counsel), for respondent New York State Division of Housing and Community Renewal.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated May 18, 2017, which denied a petition for administrative review and affirmed a Rent Administrator's determination dated October 18, 2016, finding that the petitioners' premises did not constitute a horizontal multiple dwelling subject to the Rent Stabilization Code, the petitioners appeal from a judgment of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered October 23, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioners requested an Administrative Determination from the New York State Division of Housing and Community Renewal (hereinafter the DHCR) regarding the regulatory status of their apartments. The building in which their apartments are located, together with two other adjoining buildings, shared common ownership, a back wall, a sewer pipe, a water main, and a location for the gas and electric meters, but also had separate lots, different addresses, different physical features, separate lighting systems, and separate gas meters, bells, and mailboxes.
We agree with the Supreme Court's determination to deny the petition and dismiss the proceeding. In determining the existence of a regulated horizontal multiple dwelling, the crucial question is whether there are sufficient indicia of common facilities, ownership, management, and operation to warrant treating the housing as an integrated unit and multiple dwelling subject to regulation (see Matter of Salvati v Eimicke, 72 NY2d 784, 792). While different combinations of those factors may be present in any given case, no one factor is determinative (see Matter of Julia 455, LLC v State of N.Y., Div. of Hous. & Community Renewal, 104 AD3d 686, 687).
Even where, as here, there are divergent factors that might lead to different conclusions, the determination of the DHCR should be upheld, if not arbitrary or irrational (see Nine Hunts Lane Realty Corp. v New York State Div. of Hous. & Community Renewal, 151 AD2d 465, 465-466). The presence of separate lots and addresses, separate physical features, a separate lighting [*2]system, and separate gas meters, bells, and mailboxes demonstrates that the DHCR's determination had a rational basis and was not arbitrary and capricious. That other existing factors might have supported a different conclusion does not render the DHCR's determination arbitrary and capricious (see Matter of Livingston Assoc. v New York State Div. Community Renewal, 289 AD2d 245).
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court