360-362 Lafayette, LLC v Brown (2024 NY Slip Op 50041(U))

[*1]

360-362 Lafayette, LLC v Brown

2024 NY Slip Op 50041(U)

Decided on January 16, 2024

Civil Court Of The City Of New York, Kings County

Basu, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 16, 2024
Civil Court of the City of New York, Kings County

360-362 Lafayette, LLC, Petitioner,

against
Nicole Brown, Respondent.

Index No. LT-304210-22/KI

Sidrane, Schwartz-Sidrane, Perinbasekar & Littman, LLP
119 North Park Avenue, Suite 201
Rockville Centre, NY 11570
Phone:(516) 569-9539
Attorneys for Petitioner
Himmelstein, McConnell, Gribben & Joseph, LLP
5 Maiden Lane, 17th Floor
New York, NY 10038
(212) 349-3000
Attorneys for Respondent

Shantonu J. Basu, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of Respondent's discovery motion (motion sequence 2).
PAPERS/NUMBERED
Notice of Motion, Affirmation, Affidavit & Exhibits 
1, NYSCEF # 23-42
Affirmation in Opposition & Exhibits 
2, NYSCEF # 46-49
Affirmation and Affirmation in Reply & Exhibit 
3, NYSCEF # 51-53
Upon the foregoing cited papers Respondent's motion seeking discovery is granted solely to the extent of allowing Respondent, her attorneys, and any expert, to have unfettered but supervised access to the subject premises for the purposes of inspection. Respondent's requests for leave to conduct additional discovery are denied without prejudice.

 FACTUAL AND PROCEDURAL BACKGROUND
This is a summary nonpayment proceeding. Petitioner alleges that the apartment is unregulated because the building is a four family house. The apartment is located at 362 Lafayette Avenue in Brooklyn.
Respondent disputes the apartment's regulatory status and alleges that the apartment is located in a horizontal multiple dwelling. Respondent alleges that 362 Lafayette Avenue shares the required structural and ownership affinities with 360 Lafayette Avenue.
On the basis of the challenge to the regulatory status, Respondent moved the court for leave to conduct discovery.
Petitioner acquiesced to all of Respondent's discovery demands, save three: (1) copies of all leases from the apartments in both 360 and 362 Lafayette Avenue from 2015 forward; (2) a physical inspection of the buildings by Respondent, her attorney, and her expert; and (3) a deposition of Petitioner.
Thus the court now must address whether these three requests should be granted.

 LEGAL ANALYSIS
Respondent's motion raises two questions. First, should discovery be granted in this status challenge case? Second, if discovery is granted, what should be the scope of the discovery? The court addresses each question in turn.
a. Should discovery be granted?
i. General principles of discovery in summary proceedings
Since discovery is not available as of right in a summary proceeding, courts evaluate motions for discovery by employing the "ample need" test that was first announced in New York Univ. v Farkas, 121 Misc 2d 643 (Civ Ct NY County 1983).
Under that test, the proponent of discovery must establish several factors, not all of which need to be shown (Mautner-Glick Corp. v Higgins, 64 Misc 3d 16, 18 [App Term 1st Dept [*2]2019]).
Stated in its simplest form, the Farkas test requires the movant to show a genuine need for information that cannot be obtained other than from one of the parties in the case or from a third party (Farkas, supra, 121 Misc 2d at 647). If the movant can satisfy this requirement, then courts should grant discovery but prevent undue prejudice to the other side by limiting discovery and managing schedules for disclosure.
Because speed and economy are the underlying concerns, there are few obstacles to granting discovery if discovery will likely result in greater efficiency rather than less (see Malafis v Garcia, 2002 NY Slip Op 40180[U] [App Term 2d Dept 2002]).
Recent cases have further refined the Farkas test with this policy in mind. For example, 50th St. HDFC v Abdur-Rahim evaluates whether granting discovery will speed a case towards a fair resolution, whether by stipulation or trial (50th St. HDFC v Abdur-Rahim, 72 Misc 3d 1210[A], 2021 NY Slip Op 50693[U] [Civ Ct Kings County 2021]).
If the movant has established a genuine need for disclosure, and disclosure will create more efficiency, then courts should grant discovery motions but avoid undue prejudice with an appropriately crafted order (see e.g. 717 Sterling Corp. v Cook, 78 Misc 3d 1224[A], 2023 NY Slip Op 50345[U] [Civ Ct Kings County 2023]).
ii. The legal framework relating to horizontal multiple dwellings
Two or more physically separate buildings are sometimes treated as a single building for the purposes of coverage by the rent stabilization laws. Assuming the buildings meet the other requirements of rent stabilization, if the buildings are operated as a single unit, then both buildings may be subject to rent stabilization even though neither has six or more units.
For example two buildings, each containing three units, will be subject to rent stabilization under the right circumstances. The question is, under what circumstances should two buildings be considered one building?
To address this question, courts evaluate whether the buildings have sufficient indicia of common facilities, common ownership, management and operation to warrant treating the housing as an integrated unit subject to rent regulation (Matter of Salvati v Eimicke, 72 NY2d 784, 792 [1988]; Mendoza v New York State Div. of Hous. and Community Renewal, 183 AD3d 569 [2d Dept 2020]).
No one factor is determinative in deciding this issue, but unless the buildings have common ownership it is unlikely that a court will find that two buildings should be treated as a horizontal multiple dwelling (Love Sec. Corp. v Berman, 38 AD2d 169, 170 [1st Dept 1972]).
When determining whether to find a horizontal multiple dwelling, courts look at common sewer and water lines, heating systems or boilers, a shared chimney, backyard or front yards, cellars and basements, electric lines, gas lines and plumbing. Of course, this is just a small sample of the factors that courts examine when confronting this issue.[FN1]

Thus, in order to prevail, Respondent must show common ownership and common structure. Naturally, much of the proof lies in the hands of Petitioner. For this reason courts may grant discovery in cases where the respondent alleges a horizontal multiple dwelling (see e.g. Allen v Waidmann Realty Corp., 2010 NY Slip Op. 33349[U] [Sup Ct NY County 2010] [observing that "the Housing Court has the discretion to provide for discovery in connection with the issue of whether the premises are a horizontal multiple dwelling"]; 480-486 Broadway, LLC v No Mystery Sound, Inc., 11 Misc 3d 1056[A], 2006 NY Slip Op 50236[U] [Civ Ct NY County 2006]).
b. What should be the scope of discovery?
In the interest of limiting litigation, Petitioner has already provided documents that answer most of the questions in this proceeding.
As noted above, the remaining requests are: (1) copies of all leases from the apartments in both 360 and 362 Lafayette Avenue from 2015 forward; (2) a physical inspection of the buildings by Respondent, her attorney, and her expert; and (3) a deposition of Petitioner.
The Farkas test has already been met. The court must now shift its attention to the Abdur-Rahim test. Namely, whether granting additional discovery will speed up a resolution or slow it down.
This question cannot be answered in the abstract. Rather, the court must look at what Petitioner has disclosed thus far.
In this proceeding, in response to interrogatories Petitioner has stated that the two buildings, 360 and 362 Lafayette Avenue have always shared a single heat and hot water system that is located in 362 Lafayette.
Among other things, Petitioner has also stated that buildings do not have a common basement but do have a common courtyard and a common façade and roof. Water is billed separately but the water main connects only to 360 Lafayette. The electrical meters for both buildings are located in 360 Lafayette but the electricity is separately billed for each building. Each building has its own set of gas meters. Both buildings have always had a common ownership and have maintained one insurance policy (NYSCEF # 53).
It is within this mise-en-scène that the court evaluates whether additional discovery should be granted.
i. Is Respondent entitled to copies of leases for both buildings?
Respondent is not entitled to copies of leases for both buildings prior to trial. Respondent argues that she should be allowed to see copies of the leases to clarify "information about common management and operations of the two buildings."
However, Petitioner has already stated that both buildings have always had a common ownership. Production or inspection of the leases for both buildings would be duplicative of information that Respondent already has, namely that tenants in 360 Lafayette and 362 Lafayette deal with, and are served by, the same owner—Petitioner 360-362 Lafayette, LLC. Similar information is also available to the public on HPD's website.
ii. Will a deposition speed this case toward a fair resolution?
The primary purposes of a deposition are to garner evidence by discovering what propositions a witness believes to be true and to reveal the basis of the witness's beliefs (Marie Dorros, Inc., v Dorros Bros., 274 AD 11, 13 [1st Dept 1948]). Since depositions have the salutary effect of preventing surprise at trial or avoiding trial, where these primary purposes of a deposition can be met, judges sitting in housing court should grant discovery.
There are secondary purposes to depositions, such as seeking admissions, getting a preview of credibility, refining a theory of the case, authenticating documents, obtaining material for summary judgment motions, and preserving testimony.[FN2]

However, in a summary proceeding, these secondary purposes should not subsume the primary purposes. Judges in housing court should therefore be skeptical if the proponent of a deposition can only support its motion by reference to these secondary purposes.
Finally, in a special proceeding, a deposition should not be used to confirm facts that one side already knows. Therefore judges sitting in housing court should reject demands for a [*3]deposition where the deposition will only serve to confirm facts already known (cf. McGrath v Blumenthal, 220 AD 781 [2d Dept 1927] ["The fact . . . that plaintiff already has knowledge of the matters sought to be elicited by the examination of said defendant, is no reason for refusing the examination"]; Posner v Nova Table Pad Co., 28 Misc 2d 946, 947 [Sup Ct Queens County 1961] [same]).
In the case at bar much of the relevant information has already been disclosed. Respondent has not set forth reasons that relate to the primary purposes of a deposition. Respondent argues that the court should grant a deposition so that Petitioner can be asked "clarifying questions . . . to determine the extent and scope of common management, ownership, and facilities of the two buildings."
However, Petitioner has already stated that both buildings have always had a common ownership. Furthermore, Petitioner has stated in response to interrogatories that Petitioner does not employ anyone "in connection with operation, management or maintenance of the two buildings" (NYSCEF 53, ¶28).
In light of these statements, it is difficult to see why Respondent needs a deposition to clarify these issues. Eliciting testimony at trial, and not at a deposition, is the appropriate way to confirm facts that are already known. Thus, the court finds that a deposition is not necessary in the current posture of this proceeding.
iii. Will an inspection speed this case toward a fair resolution?
CPLR § 3120(1)(ii) permits "entry upon designated land or other property in the possession, custody or control of the party or person served for the purpose of inspecting, measuring, surveying, sampling, testing, photographing or recording by motion pictures or otherwise the property or any specifically designated object or operation thereon."
In the instant case, it makes sense for Respondent to enter the subject premises and inspect it. There is no other way for Respondent to gather evidence about the various factors courts use to determine whether the two buildings share enough common facilities (cf., supra, Bambeck v DHCR, 129 AD2d at 52-53 [listing the wide array of factors that could be considered]). There are situations when only an inspection can get to the bottom of the relevant facts (see New Yorkers for Students' Educ. Rights v State of New York, 68 Misc 3d 672, 676 [Sup Ct NY County 2020]). This is one of those situations.
Therefore, Respondent, her attorneys, and any experts she designates, are granted leave to conduct an inspection of all parts of the subject premises, including all building systems but excluding individual apartments. Respondent or her attorneys or experts may take photographs and measurements. The inspection will take place within 45 days of this order.
An agent of Petitioner is to accompany Respondent. Petitioner may require Respondent's attorneys, experts, and agents sign a liability waiver prior to providing access (Cortes v ALN [*4]Rest., Inc., 137 AD3d 467 [1st Dept 2016]).

 CONCLUSION
As stated above, Respondent's motion for discovery is granted solely to the extent that Respondent, her attorneys, and any expert she designates, may conduct an inspection of all parts of the subject premises, including all building systems but excluding individual apartments. The parties are to confer and select a mutually convenient date for access. Access to be provided within 45 days of this order.
In the event that the inspection reveals something unforeseen, Respondent may seek supplemental discovery, to which Petitioner may oppose.
The instant proceeding is adjourned to March 6, 2024 at 2:15 pm for a virtual status/compliance conference on MS TEAMS. If the parties complete discovery prior to this date, the attorneys may stipulate to restore the proceeding to an earlier date provided that they notify court staff in advance.
This constitutes the decision and order of this court.
Hon. Shantonu J. Basu
Judge, Housing Court
Dated: January 16, 2024
Brooklyn, NY

Footnotes

Footnote 1: To get a sense of the factual complexity of these evaluations see Matter of Bambeck v State Div. of Hous. and Community Renewal, Off. of Rent Admin., 129 AD2d 51, 52-53 (1st Dept 1987). In Bambeck the Appellate Division noted that the parties set forth evidence about the unity or disunity of the certificates of occupancy, cellars, entrances, hallways, mailboxes, doorbell systems, multiple dwelling registrations, treatment by tax and other city officials, heating systems, oil storage tanks, sewer pipes, common walls, sprinklers, and electrical systems.

Footnote 2: For another summary of the purposes of discovery, see Anne M. Payne and Arlene Zalayet, 1 Modern New York Discovery § 2:3 (2d ed., Oct. 2023 update).