Natale Family Trust v Heidel (2025 NY Slip Op 50847(U))

[*1]

Natale Family Trust v Heidel

2025 NY Slip Op 50847(U)

Decided on May 23, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 23, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2024-296 K C

Natale Family Trust, Appellant,
against
Forrest Heidel, Respondent, "John and/or Jane Doe", Undertenants. 

Horing, Welikson, Rosen & DiGrugilliers, P.C. (Brian W. Shaw of counsel), for appellant.
Camba Legal Services, Inc. (Lesel T. Spencer of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Michael L. Weisberg, J.), entered December 7, 2023. The final judgment, entered pursuant to an order of that court dated November 29, 2023 granting the branch of tenant's motion seeking summary judgment dismissing the petition and denying, "as moot," petitioner's cross-motion for leave to amend the petition and, upon such amendment, summary judgment on the petition, dismissed the petition in a holdover summary proceeding.

ORDERED that, on the court's own motion, the notice of appeal from the order dated November 29, 2023 is deemed a premature notice of appeal from the final judgment entered December 7, 2023 (see CPLR 5520 [c]); and it is further,
ORDERED that the final judgment is reversed, without costs, the November 29, 2023 order is vacated, the branch of petitioner's cross-motion seeking leave to amend the petition is granted, the branch of tenant's motion seeking summary judgment dismissing the petition and the branch of petitioner's cross-motion seeking summary judgment are denied, and the clerk of the Civil Court is directed to amend the caption in accordance with this decision and order.
In this holdover proceeding, commenced naming the Natale Family Trust (the trust) as petitioner and based upon the purported termination of an alleged non-rent-stabilized tenancy, tenant asserted, as one of his affirmative defenses, that 330 Leonard Street, the building in which he resides, and 93 Skillman Avenue, a contiguous building, together constitute a horizontal [*2]multiple dwelling that is subject to the Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY § 26-501 et seq.) (see Emergency Tenant Protection Act of 1974 § 5 [a] [4] [b] [McKinney's Uncons Laws of NY § 8625 (a) (4) (b) (L 1974, ch 576, sec 4, § 5 [a] [4] [b], as amended)]; RSL §§ 26-504, 26-505; Rent Stabilization Code [9 NYCRR] § 2520.11 [d]; Matter of Salvati v Eimicke, 72 NY2d 784, 792 [1988]), thereby entitling him to a renewal lease.
Tenant subsequently moved for, among other things, summary judgment dismissing the petition on that ground. Petitioner opposed and cross-moved for (1) leave to amend the petition to remove the trust as petitioner and substitute therefor "Maria Graziano, Trustee of the Natale Family Trust" and (2) upon such amendment, summary judgment on the petition. By order dated November 29, 2023, the Civil Court (Michael L. Weisberg, J.), insofar as is relevant to this appeal, granted the branch of tenant's motion seeking summary judgment dismissing the petition and denied, "as moot," petitioner's cross-motion, finding that 330 Leonard Street and 93 Skillman Avenue constitute a horizontal multiple dwelling. A final judgment was entered pursuant to the order on December 7, 2023. On appeal, petitioner argues that the Civil Court's determination that 330 Leonard Street and 93 Skillman Avenue constitute a horizontal multiple dwelling is void and unenforceable because the trust is not a proper party to this proceeding and at least one of the trust's trustees is a necessary party; that the Civil Court improperly engaged in issue determination on summary judgment; and that, in any event, the evidence established that the buildings are not a horizontal multiple dwelling.
"In the absence of prejudice or surprise, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Benjamin v 270 Malcolm X Dev., Inc., 214 AD3d 762, 764 [2023]; see CPLR 3025 [b]; Catnap, LLC v Cammeby's Mgt. Co., LLC, 170 AD3d 1103, 1105 [2019]). Here, tenant, in his brief to this court, abandons the objections he made in the Civil Court to the proposed amendment and argues that this court should amend the petition in the manner sought in petitioner's cross-motion. Therefore, the branch of petitioner's cross-motion seeking leave to amend the petition to remove the trust as petitioner and substitute therefor "Maria Graziano, Trustee of the Natale Family Trust" is granted, and the clerk of the Civil Court is directed to amend the caption accordingly. We note that, while a trust itself cannot maintain an action, and a trustee is the proper party to commence an action on its behalf (see EPTL 7-2.1 [a]; CPLR 1004; Salanitro Family Trust v Gorina, 49 Misc 3d 153[A], 2015 NY Slip Op 51785[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Ronald Henry Land Trust v Sasmor, 44 Misc 3d 51 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]), the fact that "the petition was brought in the name of a party not authorized to do so" does not implicate the Civil Court's subject matter jurisdiction, which is conferred by statute (Hernco, LLC v Hernandez, 46 Misc 3d 137[A], 2015 NY Slip Op 50062[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see Woodlaurel, Inc. v Wittman, 163 AD2d 383, 384 [1990]; Birchwood Towers #2 Assoc. v Schwartz, 98 AD2d 699, 700 [1983]; Marcus v Lavalasse, 81 Misc 3d 136[A], 2023 NY Slip Op 51403[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]), and the caption can be amended to name a trustee as petitioner (see CPLR 2001; see generally Estate of Benitez v City of New York, 193 AD3d 42 [2021]).
Contiguous structures constitute a regulated horizontal multiple dwelling when the "indicia of common facilities, common ownership, management and operation . . . warrant [*3]treating the housing as an integrated unit" (Matter of Salvati v Eimicke, 72 NY2d 784, 792 [1988]). As the cases emphasize various combinations of such indicia, "no one factor is determinative" (Matter of Piazzola v New York State Div. of Hous. & Community Renewal, 185 AD3d 592, 593 [2020]; see Kelenzon v DeRobertis, 4 Misc 3d 127[A], 2004 NY Slip Op 50616[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]). Here, the parties' submissions were insufficient to eliminate triable issues of fact as to whether 330 Leonard Street and 93 Skillman Avenue constitute a horizontal multiple dwelling (see Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2012]; Kriz v Schum, 75 NY2d 25, 33 [1989]; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]). Thus, the Civil Court should have denied both the branch of tenant's motion seeking summary judgment dismissing the petition and the branch of petitioner's cross-motion seeking summary judgment on the petition on the merits.
Accordingly, the final judgment is reversed, the November 29, 2023 order is vacated, the branch of petitioner's cross-motion seeking leave to amend the petition is granted, the branch of tenant's motion seeking summary judgment dismissing the petition and the branch of petitioner's cross-motion seeking summary judgment are denied, and the clerk of the Civil Court is directed to amend the caption in accordance with this decision and order.
MUNDY, J.P., OTTLEY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2025