Matter of Masaryk Towers Corp. v New York State Div. of Human Rights (2025 NY Slip Op 00164)

Matter of Masaryk Towers Corp. v New York State Div. of Human Rights

2025 NY Slip Op 00164

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Index No. 160887/23 Appeal No. 3477 Case No. 2024-03532 

[*1]In the Matter of Masaryk Towers Corporation, et al., Petitioners,
v
New York State Division of Human Rights, et al., Respondents.

Boyd Richards Parker Colonnelli, New York (Frederick C. Sung of counsel), for petitioners.
Melissa Franco, General Counsel, State Division of Human Rights, Bronx (Toni Ann Hollifield of counsel), for respondents.

Determination of respondent New York State Division of Human Rights (DHR), dated September 8, 2023, which, after a hearing, found that petitioners had engaged in unlawful housing discrimination, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [J. Machelle Sweeting, J.], entered December 22, 2023), dismissed, without costs.
Substantial evidence supports the finding by respondent DHR that petitioners unlawfully discriminated against respondent Darrel Flores by refusing to consider his request for a parking space as a reasonable accommodation or engage in an interactive process to determine if another accommodation was available (see Matter of White v New York State Div. of Human Rights, 160 AD3d 448 [1st Dept 2018]; see also Matter of Prospect Union Assoc. v DeJesus, 167 AD3d 540, 543-544 [1st Dept 2018]). Testimony adduced at the hearing established that an on-site parking space would affirmatively enhance Mr. Flores quality of life by ameliorating the effects of his disability (see Matter of 1 Toms Point Lane Corp. v New York State Div. of Human Rights, 176 AD3d 930, 932 [2d Dept 2019]), and that petitioners' summary denial of his request without an interactive process constituted unlawful housing discrimination (see Matter of Washington v Olatoye, 173 AD3d 467, 470 [1st Dept 2019]). DHR considered the arguments raised by petitioners, including that they had no prior knowledge of Mr. Flores' disability and that the Floreses' ledger reflected maintenance arrears, but ultimately concluded that petitioners had engaged in unlawful discrimination based on the record as a whole (see 330 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179 [1978]; Matter of Pittis v New York City Loft Bd., 201 AD2d 388, 389 [1st Dept 1994]; Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept., 71 NY2d 623, 631 [1988]).
We have considered petitioners' remaining arguments and find them unavailing. In conformity with A.L.J. Clancy's order, petitioners are directed to offer the Floreses the next available parking spot (emphasis added) and notwithstanding petitioners' arguments, without distinction to petitioners' internal parking waiting lists.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025